UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NETHERLANDS INSURANCE COMPANY,

                    Plaintiff,

    -against-

U.S. UNDERWRITERS INSURANCE
COMPANY,

                    Defendant.

14 Civ. 3568 (NSR) (JCM)

OPINION & ORDER

U.S. UNDERWRITERS INSURANCE
COMPANY,

                    Third-Party Plaintiff,

    -against-

JAIRO VALDEZ, BOUNCE! a/k/a BOUNCE!
TRAMPOLINE SPORTS and ASSOCIATES OF
ROCKLAND COUNTY, LLC.,

                    Third-Party Defendants.

NELSON S. ROMÁN, United States District Judge:

        Plaintiff Netherlands Insurance Company ("Netherlands") brings this action against

defendant U.S. Underwriters Insurance Company ("Underwriters") seeking a declaratory

judgment that Underwriters is obligated to defend and indemnify Netherlands' insured—third-

party defendant, Associates of Rockland County ("Associates")—in an underlying state court

action. (ECF No. 1: Compl. ¶¶ 28–35.) Underwriters counter-claims for a declaratory judgment

that it is not obligated to defend and indemnify Netherlands' insured (ECF No. 3: Ans. &

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/17/2015

Countercl. ¶¶ 30–36). Bounce! Trampoline Sports ("Bounce!") and Jairo Valdez ("Valdez")—third-party defendants—have not submitted answers or motions.

Presently before the Court are Netherlands'/Associates' and Underwriters' cross-motions for summary judgment. (ECF Nos. 66 and 75.)

For the reasons set forth below, Underwriters' motion (ECF No. 75) is GRANTED with respect to its counter-claim for a declaratory judgment that Underwriters is not obligated to defend and indemnify Associates in the underlying action. Netherlands' motion (ECF No. 66) is DENIED with respect to its opposite claim for a declaratory judgment.

## FACTUAL BACKGROUND

The following facts are not disputed by the parties, except where noted. Plaintiff Netherlands is a stock insurance company organized in the State of New Hampshire, with its principal place of business in Massachusetts. (Underwriters' 56.1, ECF No. 74, ¶ 2.) Defendant/third-party plaintiff is a corporation organized under the laws of Pennsylvania. (*Id.* ¶ 3.) Third-party defendants Bounce! d/b/a Go Airborne, LLC ("Bounce!") and Associates are limited liability companies organized in the State of New York. (*Id.* ¶¶ 8-9.) Third-party defendant Jairo Valdez is a citizen of the state of New Jersey. (*Id.* ¶ 4.)

For the period stemming from July 6, 2011 to October 21, 2011, Underwriters issued a commercial general liability policy—number CP 355421—to Bounce!. (*Id.* ¶ 10.) During the relevant time period, Bounce! was leasing space in a building owned by Associates. (*Id.* ¶¶ 13-14.)  The insurance policy contained an additional insured endorsement, extending coverage to Associates under the same agreement. (*Id.* ¶12.)  The policy contained an exclusion for personal injuries to employees and other workers, which reads:

**BODILY INJURY EXCLUSION – ALL EMPLOYEES, VOLUNTEER WORKERS, TEMPORARY WORKERS, CASUAL LABORERS, CONTRACTORS, AND SUBCONTRACORS**

**Paragraph 2. Exclusions** subparagraph e. **Section 1-Coverages, Bodily and Property Damage Liability** is deleted in its entirety and replaced with the following:

1. "Bodily Injury" to an "employee," "volunteer worker," "temporary worker" or "casual laborer" arising out of or in the course of:

    (a) Employment by an insured; or

    (b) Performing duties related to the conduct of any insured's business;

2. "Bodily Injury" to any contractor, subcontractor or any "employee", "volunteer" worker, "temporary worker" or "casual laborer" of any contractor or subcontractor arising out of or in the course of the rendering or performing services of any kind or nature whatsoever by such contractor, subcontractor or "employee", "volunteer worker", "temporary worker" or "casual laborer" of such contractor or subcontractor for which any insured may become liable in any capacity;

(*Id.* ¶ 11.) The policy also contained a Separation of Insureds provision:

As respects this exclusion solely, **Section IV. Commercial General Liability Conditions**, item 7. **Separation of Insureds** is deleted its entirety and replaced with the following:

**7. Separation of Insureds**

The Limits of Insurance of this policy applies:

a. As if each Named Insured were the only Named Insured; and

b. Separately to each insured against whom claim is made or "suit" is brought[.]

(Netherlands' 56.1, ECF No. 72, ¶ 23.)

On or about April 1, 2011, Bounce! retained Comtex, Inc. to install a CCTV surveillance system on the premises owned by Associates (the "premises"). (Underwriters' 56.1, ¶ 15.) Comtex's employee, Valdez, was sent to perform work on the premises, and on July 11, 2011, Valdez allegedly injured himself when he fell from a ladder while performing such work. (*Id.* ¶¶

3

13, 17.) As a result, Valdez filed an action in state court seeking to recover for his bodily injury (the "Valdez Action"). (*Id.* ¶ 1.) The Valdez Action was tendered to Underwriters on April 18, 2014, seeking a defense and indemnification on behalf of Associates. (Netherlands' 56.1, ¶ 27.) On May 9, 2014, Underwriters issued a disclaimer letter denying the defense and indemnification of Associates. (*Id.* ¶ 28.) The parties are in dispute as to whether additional disclaimers were sent prior to May 9; whether the proper basis for denial of coverage was asserted in the May 9 letter; and to whom the May 9 letter was sent. (*See id.* ¶¶ 28-31; Underwriters' 56.1, ¶¶ 31-34.)

## STANDARD ON A MOTION FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure provides: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of pointing to evidence in the record, "including depositions, documents [and] affidavits or declarations," *id.* at 56(c)(1)(A), "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may also support an assertion that there is no genuine dispute by "showing . . . that [the] adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). If the moving party fulfills its preliminary burden, the onus shifts to the non-moving party to identify "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal citation and quotation marks omitted). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248; *accord Benn v. Kissane*, 510 F. App'x 34, 36 (2d Cir. 2013) (summary order). Courts must "constru[e] the evidence in the light

4

most favorable to the non-moving party and draw[ ] all reasonable inferences in its favor." *Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 720 (2d Cir. 2010) (internal quotation marks omitted). In reviewing the record, "the judge's function is not himself to weigh the evidence and determine the truth of the matter," nor is it to determine a witness's credibility. *Anderson*, 477 U.S. at 249. Rather, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for a trial." *Id.* at 250.

Summary judgment should be granted when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. The party asserting that a fact is genuinely disputed must support their assertion by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1). "Statements that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment." *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999). The nonmoving party "may not rely on conclusory allegations or unsubstantiated speculation." *FDIC v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (internal citation and quotation marks omitted). Moreover, "[a non-moving party's] self-serving statement, without direct or circumstantial evidence to support the charge, is insufficient to defeat a motion for summary judgment." *Fincher v. Depository Trust & Clearing Corp.*, No. 06 Cv. 9959 (WHP), 2008 WL 4308126, at *3 (S.D.N.Y. Sept. 17, 2008) *aff'd*, 604 F.3d 712 (2d Cir. 2010) (citing *Gonzales v. Beth Israel Med. Ctr.*, 262 F. Supp. 2d 342, 353 (S.D.N.Y. 2003)).

"Although a district court generally considers cross-motions for summary judgment separately in order to view the facts relied on by each in the light most favorable to the non-

moving party, *see Heublein, Inc. v. United States*, 996 F.2d 1455, 1461 (2d Cir. 1993), where, as here, the material facts underlying each party's motion for summary judgment are not in dispute, [the court will] decide the parties' cross-motions simultaneously." *Turner v. Gen. Motors Acceptance Corp.*, 980 F. Supp. 737, 739 (S.D.N.Y. 1997) *aff'd*, 180 F.3d 451 (2d Cir. 1999).

## DISCUSSION

*I.  Bodily Injury Exclusion*

"In New York, the construction of an insurance contract 'is ordinarily a matter of law to be determined by the court.'" *U.S. Bank Nat. Ass'n v. PHL Variable Ins. Co.*, No. 12 CIV. 6811 CM JCF, 2014 WL 2199428, at *7 (S.D.N.Y. May 23, 2014) (citing *U.S. Underwriters Ins. Co. v. Affordable Hous. Found., Inc.*, 256 F.Supp.2d 176, 181 (S.D.N.Y.2003)). "Part of this threshold interpretation is the question of whether the terms of the insurance contract are ambiguous." *Morgan Stanley Grp. Inc. v. New England Ins. Co.*, 225 F.3d 270, 275 (2d Cir. 2000) (citing *Alexander & Alexander Servs., Inc. v. These Certain Underwriters at Lloyd's*, 136 F.3d 82, 86 (2d Cir. 1998)). "As with any contract, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning." *White v. Continental Cas. Co.*, 9 N.Y.3d 264, 848 N.Y.S.2d 603, 878 N.E.2d 1019, 1021 (2007). "A written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms." *Greenfield v. Philles Records, Inc.*, 98 N.Y.2d 562, 750 N.Y.S.2d 565, 780 N.E.2d 166, 170 (2002). *See also White*. Co. 9 N.Y.3d at 267 ("As with any contract, unambiguous provisions of an insurance contract must be given their plain and ordinary meaning.").

Moreover, where the terms of an insurance contract unambiguously bar a claim of coverage, including defense or indemnification, that plain meaning will control, making summary judgment appropriate. *See Green Harbour Homeowners' Ass'n, Inc. v. Chicago Title*

6

*Ins. Co.*, 74 A.D.3d 1655, 1658, 905 N.Y.S.2d 304 (3d Dep't 2010) ("Where, as here, an insurance policy's unambiguous terms demonstrate that the policy does not cover the claimed loss, summary judgment is appropriate.").

Where, however, a contract term is ambiguous, the Court must construe the ambiguity in favor of the insured party. *See Pepper, et al. v. Allstate Ins. Co., et al.,* 20 A.D.3d 633, 635, 799 N.Y.S.2d 292 (3d Dep't 2005) (noting "when an insurance policy's meaning is not clear or is subject to different reasonable interpretations, ambiguities must be resolved in the insured's favor and against the insurer"); *Boggs v. Commercial Mut. Ins. Co. & Cote Agency, Inc.*, 220 A.D.2d 973, 974, 632 N.Y.S.2d 870 (3d Dep't 1995) ("Where there is ambiguity it is the insurer's burden to prove that the construction it advances is not only reasonable, but also that it is the only fair construction of the language."). "An ambiguity exists where the terms of an insurance contract could suggest 'more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business.'" *Morgan Stanley Group Inc.*, 225 F.3d at 275 (quoting *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 906 (2d Cir.1997)).

Importantly, "[w]here the court finds ambiguity in policy language, it need not empanel a jury to resolve that ambiguity if the matter can be resolved on the basis of the contract alone, without resorting to extrinsic evidence. Where there is a need for extrinsic evidence in order to ascertain the intent of the parties as to the meaning of the ambiguous term or terms, the matter is one for the jury and summary judgment is inappropriate." *U.S. Underwriters Ins. Co. v. Affordable Hous. Found., Inc.*, 256 F. Supp. 2d 176, 181 (S.D.N.Y. 2003) *aff'd*, 88 F. App'x 441 (2d Cir. 2004) (citing *Hartford Accident & Indem. Co. v. Wesolowski*, 33 N.Y.2d 169, 350

N.Y.S.2d 895, 305 N.E.2d 907 (1973); *Japour v. Ed Ryan & Sons Agency*, 215 A.D.2d 817, 625

N.Y.S.2d 750 (3d Dep't 1995); *Hudson–Port Ewen Assoc. v. Chien Kuo*, 165 A.D.2d 301, 566

N.Y.S.2d 774 (Div.3d Dep't 1991)).

In the instant case, the parties dispute the ambiguity of an exclusion for bodily injuries

and how it relates to the Separation of Insureds provision. The relevant portion of the Bodily

Injury Exclusion reads as follows:

> 2. "Bodily Injury" to any contractor, subcontractor or any "employee",
> "volunteer" worker, "temporary worker" or "casual laborer" of any
> contractor or subcontractor arising out of or in the course of the rendering
> or performing services of any kind or nature whatsoever by such contractor,
> subcontractor or "employee", "volunteer worker", "temporary worker" or
> "casual laborer" of such contractor or subcontractor for which any insured
> may become liable in any capacity;

(Underwriters' 56.1, ¶ 11; Underwriters' Insurance Policy, ECF. No. 77-1, 51.). The Separation

of Insureds provision requires the contract to apply "[a]s if each Named Insured were the only

Named Insured." (*Id.*) Underwriters argues that the Bodily Injury Exclusion is completely

unambiguous and has been upheld in numerous state and federal court cases in New York. (*See*

Defendant's Memorandum of Law in Support of its Motion for Summary Judgment "Def.'s

Memo", 7-15.) Therefore, Underwriters claims the exclusion applies equally to Bounce! and

Associates; the Valdez Action falls squarely under the exclusion; and Underwriters has no duty

to defend or indemnify under the policy. (*Id.*) On the other hand, Netherlands asserts that the

Bodily Injury Exclusion is ambiguous as it relates to this action, relying on *Merchants Mut. Ins.*

*Co. v Rutgers Cas. Ins. Co.,* 2010 N.Y. Misc. LEXIS 2735, 2010 NY Slip Op 30506(U), 243

N.Y.L.J. 54 (N.Y. Sup. Ct. 2010), *aff'd,* 84 A.D.3d 756, 922 N.Y.S.2d 200 (2011) [hereinafter,

"Merchants"]. Thus, Netherlands concludes that the exclusion must be construed in favor of the

insured, and the clause does not clearly and unmistakably apply to the instant case. (*See* Plaintiff

Netherlands Insurance Company and Third-Party Defendant Associates of Rockland County LLC's Memorandum Of Law In Support Of Cross-Motion For Partial Summary Judgment And In Opposition To Defendant/Third-Party Plaintiff U.S. Underwriters Insurance Company's Motion For Summary Judgment "Pl.'s Memo", 14-18.) The Court must therefore decide, as a threshold issue, whether the Bodily Injury Exclusion is ambiguous as a matter of law.

Numerous cases in state and federal courts in New York have upheld this or similar exclusions as clear and unambiguous. *See U.S. Underwriters Ins. Co. v. Affordable Hous. Found., Inc*., 256 F. Supp. 2d 176, 179 (S.D.N.Y. 2003) *aff'd*, 88 F. App'x 441 (2d Cir. 2004) ("[t]he endorsement could not be clearer"); *U.S. Underwriters Ins. Co. v. 614 Construc. Cor*p., 142 F.Supp.2d 491, 494–95 (S.D.N.Y.2001); *U.S. Underwriters Ins. Co. v. Roka LLC*, 2000 WL 1473607 at *4 (S.D.N.Y.2000); *U.S. Underwriters Ins. Co. v. Zabar*, 1999 WL 441472, at *3 (E.D.N.Y.1999); *U.S. Underwriters Ins. Co. v. Beckford*, 1998 WL 23754, at *3–4 (E.D.N.Y.1998); *Makan Exports, Inc. v. U.S. Underwriters Ins. Co.*, 43 A.D.3d 883, 885, 841 N.Y.S.2d 662, 664 (2007); *Hayner Hoyt Corp. v. Utica First Ins. Co*., 306 A.D.2d 806, 807, 760 N.Y.S.2d 706, 707 (2003); *Bassuk Bros. v. Utica First Ins. Co*., 1 A.D.3d 470, 471, 768 N.Y.S.2d 479, 481 (2003); *Burlington Ins. Co. v. Galindo & Ferreira Corp. Co*., 19 Misc. 3d 1145(A), 867 N.Y.S.2d 15 (Sup. Ct. 2008). Netherlands, however, argues that the analysis in *Merchants* is controlling here.

In *Merchants*, an electrical contracting company, Tanachion, had contracted for insurance with Rutgers Casualty Insurance Company ("Rutgers"). *Merchants Mut. Ins. Co. v Rutgers Cas. Ins. Co*., 2010 N.Y. Misc. LEXIS 2735, 2010 NY Slip Op 30506(U), 243 N.Y.L.J. 54 (N.Y. Sup. Ct. 2010). The insurance contract contained the exact Bodily Injury Exclusion as the instant case. *See id.* at *2-3 ("Bodily Injury" to any … "employee…of any contractor or subcontractor arising

out of or in the course of the rendering or performing services of any kind or nature whatsoever … for which any insured may become liable in any capacity"). In 2004, Tanachion was working as a subcontractor at a construction site on Staten Island, where an employee of a separate, independent contractor—Final Touch Glass and Mirror—was injured when he tripped over a wire left behind by Tanachion. *Id.* at 1. Rutgers disclaimed coverage under the Bodily Injury Exclusion, arguing that because the injured party "was an 'employee of any contractor' at the site, [the injury] therefore was excluded form coverage." *Id.* at 8.

The Court, however, found that Rutgers' interpretation of the provision was incorrect, and "given the plain meaning of the exclusion, its purpose is to relieve the insurer of liability for a claim arising out of bodily injury to an employee of a contractor in privity with the insured." *Id.* at 8-9. The Court went on to explain that because "the record is devoid of any evidence, or even the suggestion, that Tanachion contracted with, or otherwise was in privity with, Final Touch Glass and Mirror, [the injured's] employer, … Rutgers' reliance on the [bodily injury] exclusion clause of the subject policy is without merit." *Id.* at 9.

The Appellate division then affirmed this decision, noting that "[t]he phrase contained in the exclusion—'for which any insured may become liable in any capacity'—may reasonably be interpreted to refer to either the 'bodily injury' [the injured party] allegedly sustained, as urged by Rutgers Casualty, or the services [the injured party] was rendering at the time of the accident, as maintained by Tanachion." *Merchants Mut. Ins. Co. v. Rutgers Cas. Ins. Co*., 84 A.D.3d 756, 757, 922 N.Y.S.2d 200, 202 (2011). The court went on to limit this holding to situations determining "one subcontractor's potential liability for injuries sustained by an employee of another subcontractor working independently at the same job site." *Id.* (internal citation omitted). The implication stemming from the *Merchants* holding is that, if the liability language applies to

services rendered by the injured party, an independent third party cannot be held liable in any capacity for such services, and therefore the ambiguity cannot be resolved on the basis of the contract alone.

On this basis, Netherlands urges the Court to apply the same analysis in the instant case, explaining that the liability language in the Bodily Exclusion Clause "could just as reasonably be interpreted as referring to the services Valdez was rendering at the time of the accident … [and] Associates had no responsibility or liability for such services." (Pl.'s Memo, 16.) Moreover, Netherlands argues that because "the policy applies separately to each insured against whom claim is made or suit is brought … Associates is to be treated as if it were the only insured in construing the coverage provided." (*Id.* at 15.) And since Associates could not possibly be liable for the services of Valdez—because Associates did not contract with Valdez or his employer— the ambiguity in the provision must be interpreted in favor of Associates; the exclusion does not apply in this situation; and Underwriters is required to defend and indemnify Associates in the Valdez Action.

This argument, however, disregards a vital phrase in the liability clause: "for which *any insured* may be held liable in any capacity." Even if the Court were to accept the *Merchants* holding and extend it to the instant scenario (i.e., landlord-tenant rather than contractor-contractor), the Court could resolve the ambiguity on the face of the contract, without resorting to extrinsic evidence. Because Valdez was retained by *one* of the insureds, the exclusion applies to *all* insured parties. *See Endurance Am. Specialty Ins. Co. v. Century Sur. Co.,* No. 14-4184-CV, 2015 WL 6717686, at *2 (2d Cir. Nov. 4, 2015) (quoting *Nautilis Ins. Co. v. Barfield Realty Corp.*, 11–cv–7425 (JPO), 2012 WL 4889280, at *10 (S.D.N.Y. Oct. 16, 2012)) (finding that where "employee exclusions have altered the language 'the insured' to language expressing a

different intent, such as 'any insured,' courts have held that the insurance policy precludes coverage of injuries to any employee, whether employed by the insured seeking coverage or not, because to do otherwise would render the unambiguous language referring to any insured 'a nullity.'") Therefore, even if the liability clause could reasonably be interpreted to refer to the services provided by the injured party, Bounce!—as the insured party who retained the contractor—is clearly liable for such services, and the exclusion will apply equally to all insured parties.

Other federal and state courts have extended the application of a Bodily Injury Exclusion, like the endorsement in the instant case, to an insured party other than the party that retained the contractor. For example, in *U.S. Underwriters Ins. Co. v. Congregation B'Nai Israel*, the plaintiff insurance company had issued a general liability policy to several religious congregations and schools. 900 F. Supp. 641, 643 (E.D.N.Y. 1995) *aff'd*, 101 F.3d 685 (2d Cir. 1996). One of the schools, rather than the congregation itself, had contracted with a construction company to perform work at the school. *Id.* at 645. When an employee of a contractor fell off a ladder while performing such work, he commenced an action against the congregation for his injuries. *Id.* at 643. The insurance company then sought a declaration in federal court that it owed no duty to defend or indemnify the insured for the claims associated with this incident, based on a similar injury exclusion. *Id.* at 643-44. The congregation countered that one of the other insured parties had contracted with the construction company hired to do the work, and therefore, the exclusion did not apply. *Id.* at 645. The Court, however, found this argument unpersuasive, explaining that the exclusion clearly disclaimed coverage for "work performed for *any* insured by independent contractors." *Id.* (internal quotations omitted) (emphasis in original). The Court explained that "[t]he only plausible interpretation of the exclusion is that the insured entities

collectively bear the risk of liability arising out of their hiring of independent contractors." *Id.* at 646. To hold otherwise would produce an "absurd result," allowing one insured to avoid responsibility and payment for all personal injury claims against it, simply by arranging with another named insured to contract for its construction work. *Id.* at 645-46. *See also Howard & Norman Baker, Ltd. v. Am. Safety Cas. Ins. Co.,* 75 A.D.3d 533, 535, 904 N.Y.S.2d 770 (2010) ("Despite the policy provision stating that 'this insurance applies if each Named Insured were the only Named Insured,' the exclusion's reference to 'any insured' makes it unmistakably clear that the exclusion is not limited to injuries sustained by [landlord's] employees. Accordingly, since [the injured party] was an employee of one of the insureds [(the tenant)], his injury is not covered under the policy.") (internal citations omitted).

The same reasoning applies in the instant case. Though the Separation of Insureds provision requires the contract to be read "as if each Named Insured were the only Named Insured," the use of the phrase "any insured" rather than "the insured" in the Bodily Injury Exclusion expresses a different intent—that the exclusion is not limited to injuries sustained by the employees or contractors of *one* insured party. *See Richner Dev., LLC v. Burlington Ins. Co*., 81 A.D.3d 705, 706-07, 916 N.Y.S.2d 211, 213 (2011) (Despite the 'Separation Of Insureds' policy provision stating that 'this insurance applies ... [a]s if each Named Insured were the only Named Insured[,]' the reference in the cross-liability exclusion to '[a]ny insured' 'makes it unmistakably clear that the exclusion is not limited to injuries sustained by [the plaintiff's] own employees.'") (internal citations omitted). To read the Bodily Injury Exclusion—in conjunction with the Separate Insureds provision—to apply equally but separately to the insured parties would render the phrase "any insured" void and undermine the parties' drafting efforts.

13

Therefore, the Court finds that the Bodily Injury Exclusion applies to Valdez' injury as to both Bounce! and Associates.

## II. Waiver

Netherlands additionally asserts that Underwriters waived the Bodily Injury Exclusion by failing to properly and timely deny coverage pursuant to N.Y. § 3420(d)(2), which provides as follows:

> (2) If under a liability policy issued or delivered in this state, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident or any other type of accident occurring within this state, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant.

Specifically, Netherlands argues that even if the Bodily Injury Exclusion is applicable, Underwriters waived it by failing to send the disclaimer letter to Associates and failing to include the relevant provision of the exclusion.[1]

The doctrine of waiver, however, is inapplicable where an insured's claim is outside the scope of coverage. *See Mount Vernon Fire Ins. Co. v. William Monier Constr. Co.*, No. 95 CIV. 0645 (DC), 1996 WL 447747, at \*5 (S.D.N.Y. Aug. 7, 1996) *aff'd sub nom. Mount Vernon Fire Ins. Co. v. William Monier Const. Co*., 112 F.3d 504 (2d Cir. 1997) ("an insurer does not waive the defense of non-coverage by failing to include such a defense in a disclaimer letter"). "Because waiver is a voluntary and intentional relinquishment of a known right, the court reasoned, there can be no waiver of a right to deny coverage unless underlying coverage exists." *Gallien v. Connecticut Gen. Life Ins. Co*., 49 F.3d 878, 885 (2d Cir. 1995) (internal quotation marks and citations omitted). If the Court were to allow the exclusion to be waived, it would

---

[1] These facts are disputed by Underwriters.

14

essentially "extend [the insured's] coverage to more than it originally bargained." *Albert J. Schiff Associates, Inc. v. Flack*, 51 N.Y.2d 692, 698, 417 N.E.2d 84, 87 (1980). Thus, having held that Valdez' injury is outside the scope of coverage, the doctrine of waiver is inapplicable, and Underwriters could not have waived the defense. The Court therefore need not address Netherlands' waiver argument.[2]

## CONCLUSION

For the foregoing reasons, Underwriters' motion (ECF No. 75) is GRANTED with respect to its counter-claim for a declaratory judgment that Underwriters is not obligated to defend and indemnify Associates in the underlying action and Netherlands' claims are DISMISSED in accordance with that decision. Netherlands' motion (ECF No. 66) is DENIED with respect to its opposite claim for a declaratory judgment. The Court respectfully directs the Clerk to terminate the motions at ECF Nos. 66 and 75 and to close the case.

Dated:   December 17, 2015
         White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

---

[2] Additionally, the Court need not address Netherlands' remaining arguments, which are mooted by the Court's decision to apply the Bodily Injury Exclusion.