USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/21/2016

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NETHERLANDS INSURANCE COMPANY,

        Plaintiff,

-against-

U.S. UNDERWRITERS INSURANCE COMPANY,

        Defendant.

---

U.S. UNDERWRITERS INSURANCE COMPANY,

        Third-Party Plaintiff,

-against-

JAIRO VALDEZ, BOUNCE! a/k/a BOUNCE! TRAMPOLINE SPORTS and ASSOCIATES OF ROCKLAND COUNTY, LLC.,

        Third-Party Defendants.

14 Civ. 3568 (NSR) (JCM)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff Netherlands Insurance Company ("Netherlands") brings this action against defendant U.S. Underwriters Insurance Company ("Underwriters") seeking a declaratory judgment that Underwriters is obligated to defend and indemnify Netherlands' insured—third-party defendant, Associates of Rockland County ("Associates")—in an underlying state court action. (ECF No. 1: Compl. ¶¶ 28–35.) Underwriters counter-claims for a declaratory judgment that it is not obligated to defend and indemnify Netherlands' insured (ECF No. 3: Ans. & Countercl. ¶¶ 30–36). Bounce! Trampoline Sports ("Bounce!") and Jairo Valdez ("Valdez")—

third-party defendants—have not submitted answers or motions. On December 17, 2015, this Court ruled in favor of Underwriters, determining that Underwriters is not obligated to defend and indemnify Associates or Bounce! in the underlying action (the "December Order"). Presently before the Court is Netherlands' Motion for Reconsideration of the Court's December 17, 2015 Order.

For the reasons set forth below, Netherlands' motion (ECF No. 86) is DENIED.

## DISCUSSION

Familiarity with the December Order is presumed. In that opinion, the Court refrained from reaching the merits of Netherlands' argument that Underwriters waived the Bodily Injury Exclusion by failing to properly and timely disclaim coverage and therefore must defend and indemnify in the underlying action. Netherlands is correct that under Insurance Law § 3420(d), the waiver doctrine applies, and Underwriters could have waived the Bodily Injury Exclusion. *See NGM Ins. Co. v. Blakely Pumping, Inc.,* 593 F.3d 150, 153 (2d Cir. 2010) ("notice is required where there is no coverage 'by reason of exclusion.'") (internal citations omitted). In any event, the Court's December Order stands for the reasons described below.

Netherlands argues, first, that the disclaimer is improper because it fails to cite paragraph I.1 of the Bodily Injury Exclusion. (*See* Plaintiff Netherlands Insurance Company and Third-Party Defendant Associates of Rockland County LLC's Memorandum Of Law In Support Of Cross-Motion For Partial Summary Judgment And In Opposition To Defendant/Third-Party Plaintiff U.S. Underwriters Insurance Company's Motion For Summary Judgment "Pl.'s Memo", 19.) This argument, however, is without merit. The December Order upheld the validity of the Bodily Injury Exclusion as applied to the Valdez Action under paragraph 2, rather than paragraph 1. Thus, even if Underwriters had waived this portion of the exclusion, the second

paragraph would apply and exclude coverage for the injury. In any event, after reviewing the disclaimer letters as described below, it is clear that the entire L-500 exclusion (the Bodily Injury Exclusion) is cited. (*See* Myrtetus Affidavit, ECF No. 77, Exhibits C and H).

Second, Netherlands asserts that Underwriters waived coverage by failing to send a disclaimer letter to Associates.[1] Netherlands is correct that a disclaimer letter sent to an insured's carrier—but not to the insured himself—is ineffective to disclaim coverage. *Sierra v. 4401 Sunset Park, LLC*, 24 N.Y.3d 514, 2 N.Y.S.3d 8 (2014). Underwriters has provided copies of two disclaimer letters dated the March 2, 2012 (the "March letter") and May 9, 2014 (the "May letter").[2] (*See* Myrtetus Affidavit, ECF No. 77, Exhibits C and H). Netherlands acknowledges the existence of both letters but argues that neither is a valid disclaimer because the May letter was not sent to Associates.

As an initial matter, the Court notes that the March letter can serve as proper disclaimer even though sent prior to receiving notice of the underlying action in this case because (1) Underwriters had received notice of the related workers' compensation claim, and (2) all that is required is notice of the occurrence.[3] *Webster ex rel. Webster v. Mount Vernon Fire Ins. Co*., 368 F.3d 209, 217 (2d Cir. 2004) (explaining that an obligation to disclaim arises upon notification of the occurrence (i.e. accident or injury)). *See also Pearson Capital Partners LLC v. James River Ins. Co.,* No. 14-CV-4664 (VM), 2015 WL 9450632, at *7 (S.D.N.Y. Aug. 28, 2015) (holding an insurance company was required to disclaim when notice of the injury was received, prior to the actual filing of a complaint); *First Fin. Ins. Co. v. Jetco Contracting Corp*., 1 N.Y.3d 64, 68-69, 801 N.E.2d 835, 838-39 (2003) (citing *Matter of Allcity Ins. Co. [Jimenez],* 78 N.Y.2d 1054,

---

[1] Netherlands does not claim that the letter was not sent to Bounce!.
[2] Other letters were also provided but are irrelevant for purposes of this analysis.
[3] Moreover, the letters specifically disclaim coverage for the "loss," rather than for the matter.

1056, 576 N.Y.S.2d 87, 581 N.E.2d 1342 [1991]; *Hartford Ins. Co. v. Nassau Cty.*, 46 N.Y.2d 1028, 1029, 389 N.E.2d 1061 (1979) ( "timeliness of an insurer's disclaimer is measured from the point in time when the insurer first learns of the grounds for disclaimer of liability or denial of coverage," rather than learns of the underlying action). In its response to Underwriters' 56.1 statement, Netherlands acknowledges the March letter was sent and speaks for itself, and it acknowledges that the May letter was sent "(but not to Associates)" and speaks for itself. (Counterstatement to Underwriters' 56.1 Statement, ECF No. 74, ¶¶ 28, 34). Netherlands therefore appears to admit the March letter was sent to all parties, and the March letter clearly states, "[b]y copy of this letter to the Additional Insured, Associates of Rockland County, LLC, we advise that coverage is disclaimed to the Additional Insured for the same reason it is disclaimed" to Bounce!. (Myrtetus Affidavit, ECF No. 77, Exhibit C). The Court could rule that a valid disclaimer of coverage exists on this ground alone, but, in any event, Netherlands additionally failed to meet its burden to show a genuine issue of fact exists as to whether Associates received a proper disclaimer letter.[4]

On a motion for summary judgment, moving party bears the initial burden of pointing to evidence in the record, "including depositions, documents [and] affidavits or declarations," Fed. R. Civ. P. at 56(c)(1)(A), "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Underwriters submitted to the Court the March and May letters, which both copy Associates as a recipient via certified and

---

[4] Though Netherlands provides excerpts from Ms. Myrtetus' deposition admitting that a letter was not sent to Associates, this is in reference to the May 16, 2012 letter, which is not relevant for purposes of this analysis, since both the March and May letters were sent to Associates and are sufficient to disclaim coverage as to Associates. Moreover, though Ms. Myrtetus testifies that the May letter did not contain language disclaiming coverage for Associates of Rockland, LLC, the May letter specifically says, "[a]s we explained in our letter of March 2, 2012 (copy attached), there is no coverage, either defense or indemnification, for this matter under this Policy." Defendants in the "matter" are *both* Bounce! and Associates.

regular mail. (*See* Myrtetus Affidavit, ECF No. 77, Exhibits C and H). Underwriters additionally provided the affidavit of Carol Myrtetus, which explains that both letters were sent to Associates. (*See* Affidavit of Carol Myrtetus, ECF No. 77, ¶¶ 14, 20). As noted above, the March letter specifically provides a disclaimer as to Associates. The May letter reads, "[a]s we explained in our letter of March 2, 2012 (copy attached), there is no coverage, either defense or indemnification, for this matter under this Policy." Defendants in the "matter" referred to are *both* Bounce! and Associates, and the Court reads this as a broad exclusion for both parties, particularly in light of the May letter's reference to the March letter that specifically excluded coverage for Associates. Therefore, Underwriters has met its burden of pointing to evidence that demonstrates the absence of a genuine issue of fact as to whether a proper disclaimer was sent to Associates.

The onus then shifts to the non-moving party to identify "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal citation and quotation marks omitted). Netherlands has failed to provide any facts to this Court showing a genuine issue. Netherlands, instead, conclusorily states that the "disclaimer letter was not sent to Associates," without pointing to any evidence in the record to establish the factual issue. A conclusory statement, without more, is insufficient to meet the burden of showing a genuine issue of material fact. Thus, Netherlands has failed to show that a genuine issue of material fact exists as to whether Underwriters sent a disclaimer letter to Associates, and its motion for summary judgment must fail on this ground.

## CONCLUSION

For the foregoing reasons, Netherlands' motion for reconsideration (ECF No. 86) is DENIED. The clerk of the court is respectfully directed to terminate the motion at ECF No. 86.

Dated: January 21, 2016  
       White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge